John MORAN, Defendant-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Plaintiff-Appellee.

No. 27623.

United States Court of Appeals, Fifth Circuit.

Feb. 5, 1970.

John Moran, pro se.

Earl Faircloth, Atty. Gen. of Florida, Raymond L. Marbly, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

In this pro se case appellant has failed to file a brief within the time fixed by Rule 31, F.R.A.P., and it is therefore appropriate to dispose of this case summarily pursuant to Rule 9(c)(2) of this Court. Stout v. Broom, 406 F.2d 758 (5th Cir. 1969). Almost six months ago, we directed that appellant be furnished a transcript of his evidentiary hearing at the expense of the government. Almost immediately the transcript was filed in this court. Moreover, the appellant was granted an extension of time for the filing of his pro se brief. Such brief has not been filed and he has continued to neglect his case.

This appeal is taken from an order of the district court denying the petition of a Florida convict for the writ of habeas corpus. We affirm.

Appellant was convicted by a jury in the Circuit Court of Volusia County, Florida, for forgery of a check. He was sentenced on November 13, 1958, to 10 years imprisonment. No direct appeal was taken.

In his petition for habeas corpus in the court below, appellant alleged that his arrest was illegal, his confession was improperly admitted into evidence at his trial, and that his trial counsel was incompetent. After holding an evidentiary hearing, with appellant present and represented by counsel, the district court denied relief, finding no evidence to substantiate appellant's contentions.

A review of the record, which includes transcripts of appellant's trial and evidentiary hearing, reveals no clear error in the findings of the district court that appellant was arrested by officers with a warrant, that the confession was made before appellant was placed under arrest, and that trial counsel fulfilled his obligations to appellant. The record also shows that the trial judge, admitted evidence of appellant's confession only after hearing evidence out of the jury's presence and making a finding that the confession was voluntary, thus satisfying the procedure established in Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. The judgment below is affirmed.

Affirmed.